A CERTIFIED TRUE COPY
ATTEST
By Mecca Thompson on Oct 17, 2008
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Oct 17, 2008

FILED
CLERK'S OFFICE

IN RE: WEBKINZ ANTITRUST LITIGATION

MDL No. 1987

M 08-1987 JSW

**TRANSFER ORDER**

FILED
OCT 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Before the entire Panel**: Plaintiff in the Northern District of California action has moved pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of California. Defendants Ganz, Inc., and Ganz U.S.A., LLC (collectively Ganz) support the motion. Plaintiffs in the actions pending in the Northern District of Illinois and the District of Massachusetts support centralization, but suggest the Northern District of Illinois as transferee district.

This litigation currently consists of three actions listed on Schedule A and pending in three districts, one action each in the Northern District of California, the Northern District of Illinois, and the District of Massachusetts.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that Ganz implemented an illegal tying arrangement by requiring retailers to purchase unrelated products from Ganz in order to purchase Ganz's popular Webkinz toys. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. The action pending in that district is the first filed and is progressing well. Moreover, the defendants and one plaintiff agree that it is the preferable transferee district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Jeffrey S. White for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | |

IN RE: WEBKINZ ANTITRUST
LITIGATION                                              MDL No. 1987

## SCHEDULE A

### Northern District of California

Nuts for Candy v. Ganz, Inc., et al., C.A. No. 3:08-2873

### Northern District of Illinois

Scott Comstock, et al. v. Ganz, Inc., et al., C.A. No. 1:08-4167

### District of Massachusetts

Cortes Country Stores, Inc., etc. v. Ganz, Inc., et al., C.A. No. 1:08-11184