United States District Court
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WEBKINZ ANTITRUST LITIGATION: | No. M 08-01987 JSW |
| THIS DOCUMENT RELATES TO ALL ACTIONS | **ORDER GRANTING MOTIONS FOR LEAVE TO FILE AN AMENDED CONSOLIDATED COMPLAINT AND MOTION TO RELATE** |
| _____/ | |

Now before the Court for consideration are the Motion for Leave to File an Amended Consolidated Complaint filed by Plaintiffs Nuts for Candy, Scott and Sherri Comstock d/b/a The Cheshire Cat and The Spotted Crocodile ("Comstock"), Cortes Country Stores, Inc. d/b/a Freetown Trading Post ("Cortes"), and the Phipps Corporation ("Phipps") (collectively the "MDL Plaintiffs"), and the Administrative Motion to Consider Whether Cases Should be Related, filed by Plaintiffs Freedom Candle Company, Widensky's Clothing Boutique, Inc., and Forget-Me-Not Keepsakes and Crafts, Inc. (collectively the "*Freedom Candle* Plaintiffs").

Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for November 6, 2009. For the reasons set forth in the remainder of this Order, the MDL Plaintiffs' motion is GRANTED, and the *Freedom Candle* Plaintiffs' motion to relate is GRANTED.

//

## BACKGROUND

On June 9, 2008, Plaintiff Nuts for Candy filed a putative class action against Defendants for violations of the Federal Antitrust Laws. That case was assigned to the undersigned. On October 17, 2008, the Judicial Panel for Multidistrict Litigation transferred two similar cases filed by Cortes and Comstock, which were then pending in the United States District Courts for the District of Massachusetts and the Northern District of Illinois, respectively, to the undersigned for coordinated or consolidated pretrial proceedings. (Docket No. 1.) On January 29, 2009, the Court consolidated an additional case filed in this District by Phipps. (Docket No. 10.) On March 9, 2009, the Court granted a stipulation by which the parties agreed that the MDL Plaintiffs' consolidated complaint would be filed on March 13, 2009. (Docket No. 30.)

On March 13, 2009, the MDL Plaintiffs filed their Consolidated Amended Complaint, which added the *Freedom Candle* Plaintiffs as parties and added additional claims. On August 4, 2009, the Court granted Defendants' motion to drop the *Freedom Candle* plaintiffs and the additional claims. However, the Court gave the MDL Plaintiffs leave to file a motion to amend, if the parties were unable to reach a stipulation on the scope of the proposed amendments. (Docket No. 57.)

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 15(a), the MDL Plaintiffs move to amend to add claims for violations of: California Business and Professions Code § 17200; the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.*; the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et. seq.*; and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, *et seq.* (the "state consumer protection claims").[1]

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a

---

[1] The *Freedom Candle* also assert violations of the Sherman Act and the Clayton Act, as well as violations of the Connecticut Unfair Trade Practices Act, Florida's Deceptive and Unfair Trade Practices Act, and New York General Business Law §§ 349, *et seq.*

responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. In accordance with the Federal Rule's liberal pleading standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, and futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 230 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986).

Defendants do not address Rule 15(a) in their opposition. Rather, they argue that the MDL Plaintiffs' motion should be denied because the state consumer protection claims were never presented to the JPML and that these claims would not meet the standard for transfer or centralization.[2] The flaw in this argument is that, at this juncture, the MDL Plaintiffs are not required to meet that standard to add the new parties or claims. *See In re Equity Funding Corporation of America Sec. Litig.*, 416 F. Supp. 161, 177 (C.D. Cal. 1976) (concluding that court was not precluded from considering amendments to pleadings once the actions had been transferred by the JPML); *cf. In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495 (J.P.M.L. 1968) (noting that a transfer under Section 1407 is a change of venue for pretrial purposes and that "the overwhelming authority holds that the jurisdiction and powers of the transferee court are coextensive with that of the transferor court; that the transferee court may make any order to render any judgment that might have been rendered by the transferor court in the absence of transfer").

Defendants do not argue that the MDL Plaintiffs have acted in bad faith or that they have unduly delayed in seeking to amend. Further, Defendants have not demonstrated that they would be prejudiced by the proposed amendments or that the proposed amendments would be futile. Accordingly, Plaintiffs' motion for leave to amend is GRANTED.

---

[2] It is clear from the record that the facts that support the state consumer protection claims were included the complaints filed by Comstock and Cortes. However, those plaintiffs did not assert violations of consumer protection statutes in their original complaints.

3

1    Defendants' opposition to the *Freedom Candle* Plaintiffs' motion to relate is premised
2 upon the same arguments as the arguments raised in opposition to the motion to amend. Having
3 granted the MDL Plaintiffs' leave to amend to include the state consumer protection claims, the
4 Court GRANTS the motion to relate and also concludes that the *Freedom Candle* action shall
5 be consolidated with the currently pending actions. In light of this ruling, the MDL Plaintiffs
6 and the *Freedom Candle* Plaintiffs shall file a consolidated amended complaint that includes all
7 plaintiffs and all claims by no later than November 13, 2009. Defendants shall file an answer or
8 other responsive pleading by no later than December 4, 2009.

**IT IS SO ORDERED.**

Dated: October 30, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE