UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: WEBKINZ ANTITRUST LITIGATION | Case No.: M:08-cv-01987-RS <br> MDL NO. 1987 <br> AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT AND ISSUANCE OF CLASS NOTICE <br> Hon. Richard Seeborg, Ctrm 3 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

AMENDED [PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF THE SETTLEMENT AND ISSUANCE OF CLASS NOTICE
Case No. M:08-cv-01987-RS; MDL NO. 1987

Case3:08-md-01987-RS   Document150   Filed06/26/12   Page2 of 5

1. The Court, having reviewed the Settlement entered into between Plaintiffs, on behalf of themselves and the Class, with Defendants Ganz, Inc. And Ganz USA LLC (collectively the "Settling Defendants"), as well as the proposed plan of allocation related to the Settlement and having also reviewed the motion in support of preliminary approval of the Settlement; the supporting memorandum of law; and, having also reviewed the proposed notice to potential class members regarding the Settlement, the related plan of allocation, and the request for attorney's fees, reimbursement of expenses and incentive awards, hereby ORDERS that:

   1. For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Settlement.

   2. The Settled Class is that which is described in the Second Amended Consolidated Complaint (April 30, 2010) as follows:

   > All persons and entities in the United States who were required as a condition of their purchase of Webkinz to purchase products from Ganz' "core line" of products within the Plush Market, or Souvenirs and Novelties Market, or Home Decorative Accessories Market, or Seasonal Decorations Market.

   3. The Court finds that the Settlement agreed to by the parties (as set forth in the Settlement) falls within the range of possible approval to justify sending and publishing notice of the Settlement to Class members and scheduling final approval proceedings.

   4. The Court hereby preliminarily approves the Settlement, as well as the proposed plan of allocation, subject to a hearing on final approval (the "Final Approval Hearing").

   5. The Court will hold the Final Approval Hearing pursuant to Federal Rule of Civil Procedure ("FRCP") 23(e) on September 13, 2012 at 2:30 p.m. The Final Approval Hearing will be held to determine the following:

      (a) Whether the proposed Settlement, as well as the related proposed plan of allocation, is fair, reasonable and adequate and should be granted final approval by the Court pursuant to FRCP 23(e);

      (b) Whether final judgments should be entered dismissing the claims of the Class against the Settling Defendants with prejudice as required the Settlement; and,

AMENDED [PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF THE SETTLEMENT AND ISSUANCE OF CLASS NOTICE
Case No. M:08-cv-01987-RS; MDL NO. 1987

2

(c) Such other matters as the Court may deem appropriate. Further, on that same date, the Court will hold a hearing pursuant to FRCP 23(h)(1) and 54(d)(2) on the request for attorney's fees, reimbursement of expenses, and an incentive award to determine the following:

    (a) Whether the requested attorney's fees are fair and reasonable in light of Class Counsel's efforts in creating the total settlement fund in this action;

    (b) Whether the requested reimbursement of expenses were reasonably and necessarily incurred in connection with the prosecution of this action, as well as whether the anticipated expenses related to the administration of the settlement fund in this action are similarly reasonable and necessary;

    (c) Whether the requested incentive awards for the class representatives for their efforts in obtaining relief for the Class is warranted; and

    (d) Such other matters as the Court may deem appropriate.

6. By June 29, 2012, notice in the form attached hereto as Exhibit A ("Mailed Notice") shall be sent by a notice administrator via first class U.S. mail, postage prepaid, to all potential members of the Class at the addresses previously identified in the records provided to Class Counsel by the Defendants in connection with Class Counsel providing class notice of the Court's order certifying the Class (which addresses have been updated by the notice administrator, including through the use of address tracing services), as well as at the addresses provided by potential Class members directly to Class Counsel. By this same date, notice in the form of Exhibit B attached hereto ("Summary Notice") shall be emailed to those potential Class members for whom the Defendants have provided Class Counsel with an email address. Class Counsel shall also cause a copy of both the Mailed Notice and the Summary Notice and the Settlement to be posted on the Internet at a readily accessible website (www.plushtoysettlement.com), and as indicated in the Mailed Notice and the Summary Notice other relevant case documents, such as the attorney's fees motion, should be accessible at that website.

AMENDED [PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF THE SETTLEMENT AND ISSUANCE OF CLASS NOTICE
Case No. M:08-cv-01987-RS; MDL NO. 1987

3

7. The Court finds that this manner of giving notice fully satisfies the requirements of FRCP 23 and due process, including the "best notice that is practicable under the circumstances" standard of FRCP 23(c)(2)(B), the "notice in a reasonable manner" standard of FRCP 23(e)(1), and the "directed to class members in a reasonable manner" standard of FRCP 23(h)(1), and constitutes due and sufficient notice to all persons entitled thereto.

8. Class Counsel shall file proof of compliance with paragraph 6 of this Order; such proof of compliance shall be filed no later than the date set in paragraph 10 of this Order for filing briefs in support of final approval of the Settlement.

9. As provided in the Mailed Notice and the Summary Notice, each Class member shall have the right to object to (i) the Settlement or the plan of allocation and/or (ii) the request for attorney's fees, reimbursement of expenses, or an incentive award, by filing written objections with the Court no later than August 10, 2012, copies of which shall be served on all counsel listed in the Mailed Notice by that same date. Failure to timely file and serve written objections will preclude a Class member from objecting at (i) the Hearing on Final Approval of the Settlement and on the request for attorney's fees, reimbursement of expenses and incentive awards.

10. All briefs, memoranda, and supporting papers in support of final approval of the Settlement and the related plan of allocation shall be filed no later than August 24, 2012 (this brief should include responses to objections, if any, to the Settlement or plan of allocation). Further, all briefs, memoranda, and supporting papers in response to objections, if any, to the request for attorney's fees, reimbursement of expenses, or an incentive award shall be filed no later than that same date.

11. All further proceedings as to the Settling Defendants are hereby stayed except for any actions required to effectuate the Settlement.

///

**AMENDED [PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF THE SETTLEMENT AND ISSUANCE OF CLASS NOTICE**
Case No. M:08-cv-01987-RS; MDL NO. 1987

4

12. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Date: 6-26-12

HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*Respectfully Submitted by*:
STEVEN N. WILLIAMS (#175489)
MATTHEW K. EDLING (#250940)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Fax: 650-697-0577

*Lead Counsel for Plaintiffs and the Class*

---

AMENDED [PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF THE SETTLEMENT AND ISSUANCE OF CLASS NOTICE
Case No. M:08-cv-01987-RS; MDL NO. 1987

5

# EXHIBIT A

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: WEBKINZ ANTITRUST LITIGATION | Case No.: M:08-cv-01987-RS<br>(MDL No. 1987) |
| THIS DOCUMENT RELATES TO ALL ACTIONS | NOTICE OF CLASS ACTION SETTLEMENT, REQUEST FOR ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD<br><br>Judge: Hon. Richard Seeborg |

**YOU MAY BE A CLASS MEMBER IN THE ABOVE-ENTITLED LAWSUIT IF YOU PURCHASED WEBKINZ AND "CORE LINE" PRODUCTS IN THE UNITED STATES BETWEEN JANUARY 1, 2005 AND DECEMBER 31, 2008 DIRECTLY FROM GANZ, INC. OR GANZ U.S.A., LLC**

IF YOU ARE A MEMBER OF THE PLAINTIFF CLASS, YOU SHOULD READ THIS ENTIRE NOTICE BECAUSE IT WILL AFFECT YOUR RIGHTS, INCLUDING YOUR RIGHT TO SHARE IN A CLASS ACTION SETTLEMENT TOTALING TWO MILLION FIVE HUNDRED SEVENTY-FIVE THOUSAND U.S. DOLLARS IN CASH THAT HAS BEEN REACHED WITH DEFENDANTS IN THIS ACTION.

**OVERVIEW**
This notice is given pursuant to Rule 23 of the Federal Rules of Procedure and by Order of the United States District Court for the Northern District of California (the "District Court"). Pending in the District Court is a class action lawsuit brought on behalf of purchasers of Ganz's Webkinz product and "core line" product. The lawsuit is *In re: Webkinz Antitrust Litigation*, Case No. M:08-cv-01987-RS; MDL No.1987. The class action complaint alleges violations of antitrust and unfair trade practices laws in connection with the sale of Webkinz product and "core line" product. (See more detailed description below – "What Is This Class Action About?")

If you are a Class member, your rights will be affected by the settlement (the "Settlement") with the following Defendants:
(a)  Ganz, Inc.; and,
(b)  Ganz U.S.A., LLC
(together the "Ganz Defendants").

ONE OF THE PRIMARY PURPOSES OF THIS NOTICE IS TO INFORM YOU OF THE PROPOSED SETTLEMENT ON BEHALF OF THE CLASS AND YOUR RIGHTS WITH RESPECT THERETO.
(See more detailed description below – "What is the Class Action Settlement?")

Pursuant to an Order of the District Court, a hearing will be held on **September 13, 2012 at 2:30 p.m.** before the Hon. Richard Seeborg, in Courtroom 3, on the 17th Floor of the United States District Courthouse, at 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed Settlements are fair, adequate and reasonable to the Class and, therefore, whether this litigation should be dismissed with prejudice against the Settling Defendants. The time and date of that hearing may be continued without further notice to the Class. (See more detailed description below – "**What Is The Final Approval Hearing?**")

This notice also provides information about Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award. (See more detailed description below – "REQUEST FOR ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD")

## THE CLASS AND CLASS MEMBERSHIP

### Who Are Class Members?

You are a Class member if:

(1) you purchased "core line" product as a condition to buying Webkinz in the United States directly from one or more of the Defendants listed above (or their subsidiaries or affiliates) between January 1, 2005 and December 31, 2008; and,

(2) you do not exclude yourself from the Class.

Specifically, the Class includes:

All persons and entities in the United States who were required as a condition of their purchase of Webkinz to purchase products from Ganz' "core line" of products within the Plush Market, or Souvenirs and Novelties Market, or Home Decorative Accessories Market, or Seasonal Decorations Market.

### Types of "Core line"
For purposes of this lawsuit and the Settlement, "core line" refers to all non-Webkinz products sold by Defendants.

### Requests for Exclusion
By Order of the District Court, you may choose to exclude yourself from the Settlement by sending a request for exclusion to Webkinz Antitrust Settlement Administrator, PO Box 4153, Portland, OR 97208-4153, postmarked on or before **August 10, 2012**. Such request for exclusion must include your name, the name of the entity or entities which are excluding themselves, and the addresses for each entity. Should you choose to exclude yourself you will not participate in any part of this action, and will not be entitled to share in any recovery. If you timely and validly request exclusion, you will no longer be a Class member.

## THE ALLEGATIONS AND CLASS CERTIFICATION

### What Is The Class Action About?
This class action lawsuit alleges violations of federal and state antitrust and state unfair trade practices laws in connection with the conditioned sale of Webkinz product on the purchase of Ganz "core line" product. Plaintiffs allege this co-purchasing condition resulted in anti-competitive effect on each of four (4) tied product markets: the Plush Market, the Souvenirs and Novelties Market, the Home Decorative Accessories Market, and the Seasonal Decorations Market.

Plaintiffs filed the lawsuit on behalf of themselves, and on behalf of the class of customers who purchased "core line" product as a co-purchasing condition for buying Webkinz product directly from one or more of the Defendants or their subsidiaries or affiliates during the class period. Defendants have denied any liability and all allegations of misconduct.

THIS ACTION HAS NOT GONE TO TRIAL, AND THERE HAS NOT BEEN A VERDICT ON ANY OF THE CLAIMS OR DEFENSES OF THE PARTIES. NEITHER THIS NOTICE NOR THE CERTIFICATION ORDER IS AN EXPRESSION OF ANY OPINION BY THE DISTRICT COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED BY THE PARTIES.

## APPROVAL OF THE CLASS ACTION SETTLEMENT

### What is the Class Action Settlement?
On June 22, 2012, the District Court preliminarily approved the Settlement and the related plan of allocation, and ordered that this notice be provided to Class members. Following is a summary of the reasons for settlement, a description of the proposed Settlement, and a description of your potential share of the proposed Settlement:

### The Parties' Reasons for Settlement
As part of this litigation, Class Counsel has conducted extensive formal and informal discovery and investigation into the claims of the members of the Class and the defenses that might be asserted thereto. This work has included discovery and analysis of millions of pages of Defendants' documents and records, deposition, consultation with expert consultants, as well as analysis of relevant legal issues. Based on this investigation, Class Counsel believes that the Settlement is fair, reasonable and adequate and in the best interests of the Class. Class Counsel and Plaintiffs also recognize the expense and length of continuing litigation against the Settling Defendants through verdict, judgment and appeals, and have taken into account the uncertainty and the risk of the outcome of continuing litigation, especially in complex actions such as these,

2

and the difficulties and delays inherent in such actions.

Settling Defendants have denied and continued to deny the claims and contentions alleged by the Plaintiffs. Settling Defendants have repeatedly asserted and continue to assert defenses thereto, and have expressly denied and continue to deny any legal liability arising out of any of the conduct alleged in the class action or that the Class has suffered any damage by reason of the alleged wrongdoing. In deciding to settle the case upon the terms and conditions set forth in the parties' proposed Settlement, Settling Defendants have taken into account, among other factors, the expense and protracted nature of the litigation as well as the uncertainty and the risk of the outcome in any litigation, especially complex cases such as this one.

**The Proposed Settlement**

The Settlement represents compromises of disputed claims. The fact that a proposed settlement has been agreed to does not mean that liability or damages would have been found against any of the Settling Defendants. The Settling Defendants continue to deny any and all liability.

The Settlement requires the payment of Two Million Five Hundred Seventy-Five Thousand U.S. Dollars.

If the Settlement is approved by the District Court and becomes effective, each Class member that does not timely and validly request exclusion from the Class (the "Releasors") shall have completely released, acquitted and forever discharged the Settling Defendants (and their officers, directors, employees, parents, subsidiaries, and other affiliated persons and entities) from any and all claims, demands, actions, suits, causes of action, whether class, individual or otherwise in nature (whether or not any Releasor objects to the Settlement or makes a claim upon or participates in proceeds from the Settlement), whether directly, representatively, derivatively or in any other capacity, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and the consequences thereof in any way arising out of or resulting from conduct concerning the conditioning of the purchase of Webkinz product on the co-purchase of "core line" products during the Class Period or during any other period whatsoever up to December 31, 2008. However, the release shall not affect the rights of Class members to pursue claims against the Settling Defendants: (i) relative to any product defect, breach of contract or a similar such claim; or (ii) based on purchases of "core line" outside the United States.

**THIS IS ONLY A SUMMARY OF THE SETTLEMENT. THE SETTLEMENT IS ON FILE WITH THE DISTRICT COURT AND IS AVAILABLE AT [WWW.PLUSHTOYSSETTLEMENT.COM]**

**Your Share of the Settlement (Plan of Allocation)**

If the Settlement is approved by the District Court and becomes effective, Class members will be able to share in proceeds from the Settlement (and interest thereon pending distribution) after payment of attorney's fees, expenses, any incentive award and costs of the Settlement, notice, and administration (the "Net Settlement Fund"). Proceeds from the Settlement will be distributed at a later date, and therefore no claim forms are to be submitted at this time. Class Counsel is requesting attorney's fees, reimbursement of expenses, and an incentive award. (See more detailed description below – **"Request for Attorney's Fees, Reimbursement of Expenses, and Incentive Award"**) The payments from the Settlement have been (or will be) deposited into interest bearing accounts for the benefit of the Class.

At the final approval hearing, Class Counsel and Plaintiff will ask the Court to approve a plan of allocation and distribution of the Net Settlement Fund on a *pro rata* basis among Class members based on the dollar value of each Class member's qualifying "core line" purchases proportionate to the dollar value of the total qualifying claims filed. If you do not exclude yourself from the Class and the Court approves the plan of allocation, you will be entitled to file a claim to share in the Net Settlement Fund. Class members' claims will be verified against the sales records produced by Defendants.

You should retain all documents that substantiate your purchases of "core line" during the Class Period from each of the Defendants. If you change your address, or if this notice was not mailed to your correct address, you should immediately provide your correct address to Webkinz Antitrust Settlement Administrator, PO Box 4153, Portland, OR 97208-4153. If Class Counsel does not have your correct address, you may not receive a claim form or other important documents in this litigation.

**NEITHER THIS NOTICE NOR THE CERTIFICATION ORDER IS AN EXPRESSION OF ANY OPINION BY THE DISTRICT COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED BY THE PARTIES.**

**What Is The Final Approval Hearing?**

A final approval hearing will be held on **September 13, 2012 at 2:30 pm** before the Hon. Richard Seeborg, in Courtroom 3, on the 17th Floor of the United States District Courthouse, at 450 Golden Gate Avenue, San Francisco, CA 94102. At that hearing, Judge Seeborg will determine whether the proposed Settlement is fair, adequate and reasonable to the Class and, therefore, whether this litigation should be dismissed with prejudice against the Settling Defendants. Judge Seeborg will also consider final approval of the proposed plan of allocation for the Settlement. The time and date of the final approval hearing may be continued without further notice to the Class.

**REQUEST FOR ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD**

Class Counsel is requesting attorney's fees in the amount of 30% of the common fund created by the Total Settlement Amount (plus interest), reimbursement of litigation expenses in the amount of $84,850.72 and payment of an incentive award to the class representatives in the amount of $35,000 ($5,000 for each class representative). Class Counsel is also requesting that anticipated expenses related to administration of that common fund (including costs associated with processing potential Class members' claims and distributing payments on those claims, and federal taxes assessed on the common fund) be paid as reimbursement to Class Counsel when such expenses are incurred. The estimate of those anticipated expenses is currently $60,000, and a detailed accounting of such expenses actually incurred will be submitted to the District Court and made available at the website for this case (www.plushtoyssettlement.com) before distributing payment on Class members' claims. The hearing on Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award will be held on **September 13, 2012 at 2:30 pm** before the Hon. Richard Seeborg, in Courtroom 3, on the 17th Floor of the United States District Courthouse, at 450 Golden Gate Avenue, San Francisco, CA 94102. The time and date of that hearing may be continued without further notice to the Class.

**THIS IS ONLY A SUMMARY OF THE REQUEST FOR ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD. THE MOTION PAPERS IN SUPPORT OF THE REQUEST ARE ON FILE WITH THE DISTRICT COURT AND AVAILABLE AT WWW.PLUSHTOYSSETTLEMENT.COM.**

**RIGHT TO APPEAR AND BE HEARD**

Any Class member may appear and be heard, including to raise any objection, regarding any of the matters before the District Court at the final approval hearing or the hearing on Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award. A Class member is not required to appear in person at the hearing, but can instead make only a written submission to the District Court. In any event, a Class member who intends to appear in person, or who wants to have only a written submission considered, must file with the District Court Clerk a notice that fully sets forth the Class member's arguments. That notice must be filed with the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, *no later than August 10, 2012*, with copies served on the counsel identified below by that same date:

| *Counsel for Plaintiffs and the Class* | *Counsel for Settling Defendants* |
|---|---|
| Steven N. Williams | James Serota |
| Matthew K. Edling | Scott Martin |
| **COTCHETT, PITRE & McCARTHY, LLP** | **GREENBERG TRAURIG, LLP** |
| 840 Malcolm Road, Suite 200 | 200 Park Avenue |
| Burlingame CA 94010 | New York, NY 10166-0005 |
| | *For Defendant Ganz, Inc. and Ganz U.S.A. LLC* |

4

NY 241,966,165v1 4-10-12

**What Should I Do?**

If you do not exclude yourself and you are a Class member, you have two choices: (1) do nothing and file a claim for proceeds from the settlement at a later date; or, (2) file a notice to be heard at the Final Approval Hearing and/or the hearing on Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award:

### Do Nothing and File a Claim on Proceeds from the Settlement at a Later Date

- If you are a Class member, you do not need to take any further action at this time in order to preserve your right to file a claim for your share of the proceeds from the Settlement. You do not need to appear at or submit any filing in connection with the final approval hearing or the hearing on Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award. At a later date, you will be asked to submit a claim form seeking your share of the proceeds from the Settlement.
- By doing nothing, you will be bound by the District Court's rulings in the lawsuit, including with respect to the proposed Settlement and dismissals against the two Settling Defendants.
- Class Counsel, which represents all Class members, is obligated to continue protecting and pursuing the interests of the Class. There is no cost to you to be represented by Class Counsel. You can, however, hire your own attorney at your own cost.

### File Notice to be Heard

- If you are a Class member and you want to be heard regarding any of the matters before the District Court at the final approval hearing or the hearing on Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award, you must file notice with the District Court Clerk *no later than August 10, 2012* (See more detailed description above – "**RIGHT TO APPEAR AND BE HEARD**").
- If you do not file notice as described above, you waive your right to be heard, including to raise any objection.

**IF YOU ARE A CLASS MEMBER, YOU NEED NOT TAKE ANY ACTION AT THIS TIME. YOUR RIGHTS AS A CLASS MEMBER WILL CONTINUE TO BE REPRESENTED BY PLAINTIFFS AND CLASS COUNSEL, AND YOU WILL BE ENTITLED, AT A LATER DATE, TO SUBMIT A CLAIM FORM TO SHARE IN THE PROCEEDS OF THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WANT TO BE HEARD, YOU MUST FILE NOTICE WITH THE DISTRICT COURT AS DESCRIBED HEREIN.**

**Important Dates**

- **August 10, 2012**: Last day for Class members to file with District Court Clerk and serve above-listed counsel notice to be heard at the final approval hearing and/or the hearing on Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award, and
- **September 13, 2012 at 2:30 p.m.**: Final approval hearing and hearing on Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award. (Date subject to change per District Court Order.)

THIS IS ONLY A SUMMARY OF THE CLASS ACTION AND THE CLASS ACTION SETTLEMENT. FOR MORE DETAILED INFORMATION ABOUT THIS LITIGATION, YOU ARE REFERRED TO THE PAPERS FILED IN THE ACTION WHICH MAY BE INSPECTED AT THE DISTRICT COURT. IN ADDITION, THE SETTLEMENT AGREEMENT AND OTHER INFORMATION ABOUT THE CASE ARE AVAILABLE ONLINE AT WWW.PLUSHTOYSSETTLEMENT.COM.

ALL INQUIRIES CONCERNING THIS NOTICE AND THE SETTLEMENT SHOULD BE DIRECTED TO PLAINTIFF'S CLASS COUNSEL OR THE SETTLEMENT ADMINISTRATOR AT THE ADDRESSES LISTED HEREIN. INQUIRIES SHOULD NOT BE DIRECTED TO COUNSEL FOR THE SETTLING DEFENDANTS OR THE DISTRICT COURT.

Dated: _____, 2012

/s/ Hon. Richard Seeborg
By Order of the United States District Court,
Northern District of California (San Francisco Div.)

# EXHIBIT B

*In re Webkinz Antitrust Litigation*, U.S. District Court (N.D. Cal. San Francisco Div.), Case No. M:08-cv-01987-RS

**IF YOU PURCHASED WEBKINZ AND "CORE LINE" PRODUCTS IN THE UNITED STATES BETWEEN JANUARY 1, 2005 AND DECEMBER 31, 2008 DIRECTLY FROM GANZ, INC. OR GANZ, U.S.A. LLC, YOU MAY BE A CLASS MEMBER, AND YOU SHOULD READ THIS NOTICE BECAUSE IT WILL AFFECT YOUR RIGHTS, INCLUDING YOUR RIGHT TO SHARE IN A CLASS ACTION SETTLEMENT TOTALING $2,575,000 U.S. DOLLARS.**

**OVERVIEW** This notice is given pursuant to Rule 23 of the Federal Rules of Procedure and by Order of the United States District Court for the Northern District of California (the "District Court"). Pending in the District Court is a class action lawsuit brought on behalf of purchasers of Ganz's Webkinz product and "core line" product. The lawsuit is *In re Webkinz Antitrust Litigation*, Case No. M:08-cv-01987-RS; MDL No.1987. The class action complaint alleges violations of antitrust and unfair trade practice laws in connection with the sale of Webkinz and Ganz "core line" product. Defendants deny any wrongdoing. If you are a Class member, your rights will be affected by the class settlement (the "Settlement") with the following Defendants: Ganz, Inc. and Ganz U.S.A., LLC (collectively "Ganz"). Pursuant to an Order of the District Court, a hearing will be held on **September 13, 2012 at 2:30 p.m.** before the Hon. Richard Seeborg, in Courtroom 3, on the 17th Floor of the United States District Courthouse, at 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed Settlement is fair, adequate and reasonable to the Class and, therefore, whether this litigation should be dismissed with prejudice against the Settling Defendants. This notice also provides information about Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award.

**THE CLASS AND CLASS MEMBERSHIP** The Class includes: "All persons and entities in the United States who were required as a condition of their purchase of Webkinz to purchase products from Ganz' "core line" of products within the Plush Market, or Souvenirs and Novelties Market, or Home Decorative Accessories Market, or Seasonal Decorations Market between January 1, 2005 and December 31, 2008."

**Prior Requests for Exclusion** By Order of the District Court, beginning on **June 29, 2012**, notice that this lawsuit was certified as a class action was previously provided. Persons and entities who would otherwise be Class members were given the opportunity to request exclusion from the Class. Such requests for exclusion were due no later than **August 10, 2012**. If you timely and validly requested exclusion, you are no longer a Class member.

**APPROVAL OF THE CLASS ACTION SETTLEMENT** On June 22, 2012, the District Court preliminarily approved the Settlement and the related plan of allocation, and ordered that this notice be provided to Class members. A summary of the reasons for settlement, a description of the proposed Settlement, and other information about this case is available at www.plushtoyssettlement.com

**Your Share of the Settlement (Plan of Allocation)** If the Settlement is approved by the District Court and become effective, Class members will be able to share in proceeds from the Settlement (and interest thereon pending distribution) after payment of attorney's fees, expenses, any incentive award and costs of the Settlement, notice, and administration (the "Net Settlement Fund"). Proceeds from the Settlement will be distributed at a later date, and therefore no claim forms are to be submitted at this time. Class Counsel is requesting attorney's fees, reimbursement of expenses, and an incentive award. At the final approval hearing, Class Counsel and Plaintiff will ask the Court to approve a plan of allocation and distribution of the Net Settlement Fund on a *pro rata* basis among Class members based on the dollar value of each Class member's qualifying "core line" purchases proportionate to the dollar value of the total qualifying claims filed. If you did not exclude yourself form the Class and the Court approves the plan of allocation, you will be entitled to file a claim to share in the Net Settlement Fund. Class members' claims will be verified against the sales records produced by Defendants.

**REQUEST FOR ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD** Class Counsel is requesting attorney's fees in the amount of 30% of the common fund created by the Total Settlement Amount (plus interest), reimbursement of litigation expenses in the amount of $84,850.72, and payment of an incentive award to the class representative in the amount of $5,000 each. Class Counsel is also requesting that anticipated expenses related to administration of that common fund (including costs associated with processing potential Class members' claims and distributing payments on those claims, and federal taxes assessed on the common fund) be paid as reimbursement to Class Counsel when such expenses are incurred. The estimate of those anticipated expenses is currently $60,000. The hearing

on Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award will be held on **September 13, 2012 at 2:30 p.m.**, before the Hon. Richard Seeborg, in Courtroom 3, on the 17th Floor of the United States District Courthouse, at 450 Golden Gate Avenue, San Francisco, CA 94102. A more detailed description of the requests for attorney's fees, reimbursement of expenses and an incentive award, and other information about this case is available at www.plushtoyssettlement.com.

**RIGHT TO APPEAR AND BE HEARD** Any Class member may appear and be heard, including to raise any objection, regarding any of the matters before the District Court at the Final Approval Hearing or the hearing on Class Counsel's request for attorney's fees, reimbursement of expenses, and an incentive award. To do so, a notice must be filed with the District Court (with copies served on Class Counsel), *no later than* **August 10, 2012 at 2:30 p.m.** A more detailed description of how to file such notice, and other information about this case is available at www.plushtoyssettlement.com.

IF YOU ARE A CLASS MEMBER, YOU NEED NOT TAKE ANY ACTION AT THIS TIME. YOUR RIGHTS AS A CLASS MEMBER WILL CONTINUE TO BE REPRESENTED BY PLAINTIFF AND CLASS COUNSEL, AND YOU WILL BE ENTITLED, AT A LATER DATE, TO SUBMIT A CLAIM FORM TO SHARE IN THE PROCEEDS OF THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WANT TO BE HEARD, YOU MUST FILE NOTICE WITH THE DISTRICT COURT. THIS IS ONLY A SUMMARY OF THE CLASS ACTION AND THE CLASS ACTION SETTLEMENT. MORE DETAILED INFORMATION ABOUT THIS CASE IS AVAILABLE ONLINE AT WWW.PLUSHTOYSSETTLEMENT.COM. ALL INQUIRIES CONCERNING THIS NOTICE AND THE SETTLEMENT SHOULD BE DIRECTED TO PLAINTIFF'S CLASS COUNSEL: COTCHETT, PITRE & McCARTHY, LLP, 840 Malcolm Road, Suite 200, Burlingame CA 94010. INQUIRIES SHOULD NOT BE DIRECTED TO COUNSEL FOR SETTLING DEFENDANTS OR THE DISTRICT COURT.

Dated: _____, 2012 by Order of the U.S. District Court (N.D. Cal. – San Francisco Div.)